UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ALLEN SKINNER,

      Petitioner,

v.                      Case No:  2:22-cv-485-JES-NPM

STATE OF FLORIDA,

      Respondent.

_____/

## OPINION AND ORDER

Before the Court is Petitioner Robert Allen Skinner's Petition for Writ of Habeas Corpus. (Doc. #5). Skinner is a pretrial detainee in the Charlotte County Jail, pending charges brought in the Twentieth Judicial Circuit Court in and for Charlotte County, Florida (Case No. 21-cf-1059). He claims the State of Florida cannot prosecute the ongoing criminal case because Skinner was improperly extradited from New Mexico. The state court docket reflects that Petitioner's criminal case remains pending.

As a preliminary matter, the Petition is not cognizable under § 2254 because, as a pretrial detainee, Skinner is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003). Consequently, because Skinner is a pretrial detainee, he filed the petition under § 2241. Nonetheless, Skinner is not entitled to

relief under § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court.  Wilkinson v. Dotson, 544 U.S. 74, 79 (2005).  Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners." Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 493 (1973).

Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings.  See Younger v. Harris, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings).  Skinner provides no reason for this Court to overlook the abstention principle.  Nor does he allege any facts that warrant application of any exception to the Younger doctrine.  See Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[1]

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Because Petitioner is not entitled to habeas corpus relief, the Court must now consider

---

[1] Noting the Supreme Court in Younger set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."  Ibid.

whether he is entitled to a certificate of appealability.  It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El, 537 U.S. at 335-36.  Skinner has not made the requisite showing in these circumstances.  Because Skinner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is now

**ORDERED:**

1. Petitioner Robert Allen Skinner's Petition for Writ of Habeas Corpus (Doc. #5) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to deny any pending motion as moot, enter judgment, and close this file.

3. Petitioner is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida this ___1st___ day of September 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA:  FTMP-1
Copies:  All Parties of Record